UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>OASIS MEDIA, LLC, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 18cv1455-LAB (JLB)<br><br>**ORDER STRIKING OPPOSITION;**<br><br>**ORDER SETTING ASIDE ENTRIES OF DEFAULTS;**<br><br>**ORDER DIRECTING PARTIES TO RETAIN RECORDS; AND**<br><br>**ORDER PROHIBITING ANTON EWING FROM CONTACTING REPRESENTED PARTIES OR HOLDING HIMSELF OUT AS A LAWYER** |

Defendants Canopy Energy California; Ori Bytton; Jordan Hamilton Cohen; Energy Enterprises USA, Inc; Lior Agam; Christopher James Glenka; and Kenneth Lyle Jacoby filed a motion to set aside the defaults entered against them. The motion is supported by a declaration by attorney Linda Lucero, who says she told these Defendants she would represent them and in fact was representing them in

this case. But because of health problems, which included recovering from heart surgery, she did not timely respond to the complaint.

The Court issued an order shortening the briefing schedule and requiring Plaintiffs by February 19 to file either a written opposition or a notice of non-opposition. (Docket no. 45 at 2:4–7.) On the deadline, Plaintiffs filed an opposition with lengthy attachments.

The opposition confuses entry of default with default judgment, and is unresponsive to the question of whether default should be set aside. No default judgments have been entered in this case. The motion to set aside defaults (Docket no. 44) is **GRANTED**, and the defaults entered against the movants are **VACATED**. Defendants shall file responsive pleadings within **21 days of the date this order is docketed**.

The opposition includes various petty accusations of rules violations by Defendants. The only significant rules violation by Defendants' counsel was failing to submit a proposed order in the correct form (*i.e.*, lodged in editable electronic format, with all parties copied). Plaintiffs, it should be noted, have ignored numerous rules themselves, including legibility requirements, and submission of a courtesy copy of their opposition.

More significantly, the opposition flagrantly violates the Civil Local Rules' civility requirement (which Ewing has been specifically reminded of and ordered to obey), and the Court's own standing order. The opposition and Ewing's attached declaration quote at length or attach whole and partial emails, text messages, and other communications between Ewing and Defendants' counsel. Ewing has been ordered not to do this. *See* Docket nos. 155 and 170 in case 16cv678-LAB (AGS), *Ewing v. K2 Property Development* (directing Ewing to obey the Court's Standing Order in Civil Cases, ¶ 14.)

Furthermore, many of the extensive quotations and attachments serve no legitimate purpose and appear intended to insult, embarrass, and harass opposing

counsel and parties. For example, the opposition accuses Canopy of not paying its attorneys. The supporting declaration accuses Lucero of discussing her clients' finances with him, and of insulting her own clients using foul language. It implausibly accuses her of pleading with him to make a false and fraudulent declaration on her behalf. (Decl., ¶ 10.) It also accuses Defendant Christopher Glenka's attorney Willie Wang of representing him without authorization. And it makes numerous other accusatory and insulting references to counsel and parties. It also includes unredacted personal phone numbers and email addresses of both represented parties and counsel. None of these have anything to do with vacating entries of default.

The opposition is not only meritless, but also highly improper, and is **ORDERED STRICKEN**. *See* Fed. R. Civ. P. 12 (f)(1). The Clerk is directed to remove it from the docket. The Court will, however, retain a file copy.

It appears Ewing and Stark are subject to sanctions for violation of applicable rules. In particular, Ewing appears to be subject to both sanctions and contempt for violating rules and the Court's orders, and possibly for filing a false declaration. The Court anticipates issuing an order to show cause, and the parties are advised to retain any records they may need to respond to such an order, which includes copies of the stricken opposition and declaration.

Ewing's declaration says he has been contacting represented parties about this case, without their counsel's consent. (Decl., ¶¶ 21–22. 40, 42.) He is **ORDERED** never to do this again.

Ewing sent an email about this case to individual officers or employees of Canopy Energy, including three who are Defendants in this action. (Decl., ¶ 40.) Ewing knew that they and Canopy were represented by counsel. He also called Christopher Glenka, after attorney Willie Wang had already made an appearance on his behalf. (*Id.,* ¶¶ 21–22, 42.) Ewing's declaration shows he was questioning Glenka about the attorney-client relationship. If an attorney in this or any other

3

18cv1455-LAB (JLB)

case appears on behalf of a party or says he or she is representing a party, or if a party says he or she is represented, Ewing should accept this at face value unless informed otherwise by the Court. He may <u>not</u> interview purportedly represented parties to investigate his suspicions about improper retainer agreements, or purportedly to represent these parties' interests. Furthermore, his argument that because in his view the attorney was not properly retained or the client did not recognize the attorney's name when Ewing questioned him[1] is baseless. *See Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1505 (9th Cir. 1993) (existence of attorney-client relationship is determined by the parties' intent and conduct; a "formal contract is not necessary").

Finally, in many of the emails Ewing attached, his user name is "Anton A. Ewing, JD" and he uses this as his signature as well. Many of his emails also include a Circular 230 disclaimer about tax advice as well as a warning that the email is confidential and may be privileged. This behavior can amount to falsely holding himself out as a lawyer, particularly when he is discussing legal matters.

///
///
///
///

---

[1] Although the complaint is devoid of specific allegations against him, Defendant Christopher Glenka is apparently being sued for actions he took while working with Defendant Canopy Energy California. Ewing asserts that Glenka is now working elsewhere. (Decl., ¶ 21.) In suits where an employer and its officers and employees are sued, it is common for the employer to provide a defense by having corporate counsel or other attorneys represent multiple defendants. In such cases, the individuals will likely be told about and give their consent to the representation informally; they may not otherwise not be involved. There is no reason to expect that Glenka would know who Canopy's corporate counsel was, or would have had any direct contact with him, or would even know his name.

4

18cv1455-LAB (JLB)

He is not a licensed attorney in this or any other jurisdiction, and must immediately cease suggesting that he is.

**IT IS SO ORDERED**.

Dated: February 21, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge