# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al., <br><br> Plaintiff, <br><br> v. <br><br> OASIS MEDIA, LLC, et al., <br><br> Defendant. | Case No.: 18cv1455-LAB (JLB) <br><br> **ORDER REQUIRING PARTIES TO CONTINUE COMPLYING WITH ORDERS AND DEADLINES** |

On February 22, the Court issued an order striking Plaintiff Anton Ewing's opposition, setting aside the entries of defaults against Defendants. Ewing's declarations showed he been interviewing represented parties without their attorneys' knowledge or consent and his emails included wording implying that he was a lawyer, which he is not. The Court ordered him to stop contacting represented parties in this case, and also said he must cease suggesting that he was a lawyer, particularly when discussing legal matters.[1] Defendants were ordered to file responsive pleadings to the complaint.

---

[1] Because the law already sets limits on this, it was unnecessary for the Court to formally order Ewing to obey the law, or to fashion detailed instructions about what to avoid.

1  Ewing has now filed a notice of appeal of that order (Docket no. 47.) Although he styles it as an appeal of the Court's final order, the order is in fact non-final. The fact that the order required the parties to continue litigating should have made that clear. The only parts of the order that are even arguably appealable are the prohibitions on Ewing contacting represented parties in this case and holding himself out as a lawyer. The Court said it anticipated issuing an order to show cause regarding sanctions or contempt, and directed the parties to retain records in preparation for that. But the Court has not yet issued such an order.

Ordinarily the filing of a notice of appeal divests the Court of jurisdiction. But where, as here, "the deficiency in a notice of appeal, by reason of . . . reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc); *see also Nascimento v. Dummer*, 508 F.3d 905, 909–10 (9th Cir. 2007).

The Court finds Ewing's notice of appeal has not deprived it of jurisdiction over this case. The case is **not** stayed, and the parties are **ORDERED** to continue litigating. This means they must continue complying with deadlines and obeying the Court's orders.

**IT IS SO ORDERED**.

Dated: March 4, 2019

*Larry A. Burns* (signature)
Hon. Larry Alan Burns
Chief United States District Judge