UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OASIS MEDIA, LLC, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv1455-LAB (JLB)<br><br>**ORDER QUASHING SUBPOENAS; AND**<br><br>**ORDER FORBIDDING PLAINTIFF EWING FROM ISSUING OR SERVING SUBPOENAS WITHOUT LEAVE** |

　　　Plaintiff Anton Ewing, proceeding *pro se*, issued four subpoenas, which Defendants' counsel has moved to quash.

　　　One of the subpoenas purports to require the attendance of attorney Linda Lucero at a deposition in Glendale, California and to produce numerous privileged documents. That subpoena violates numerous rules, not the least of which is that it was not properly signed or completed. For example, it is not signed either by the Clerk or by a licensed attorney as required by Fed. R. Civ. P. 45(a)(3).[1] Rather,

---

[1] Under this subsection, a subpoena may be signed either by the Clerk of Court, or by an attorney, "if the attorney is authorized to practice in the issuing court."

Ewing himself signed it on the line marked "Attorney." He has been previously ordered to cease holding himself out as an attorney.

It also gave Lucero inadequate time to object and is unduly burdensome. Furthermore, Lucero has little or no relationship to the claims in this case, other than possibly having served as counsel to one or more of the Defendants before suit was filed. Anything she learned as a result of that relationship would be privileged. The subpoena commanding Linda Lucero's attendance at a deposition in Glendale on April 18, 2019 is **QUASHED**.

The other three subpoenas purport to require the attendance and testimony of Lucero as well as Defendants' attorney Willie Wang, and California State Bar Investigator Charlie Hummel at the Order to Show Cause hearing set for Monday, April 30, 2019 at 12:00 noon. They also purport to command Lucero to bring with her "any and all communications with Anton Ewing from May 24, 2016 to the present time . . ." and Wang to bring with him originals of documents filed in the docket.

The Court's order to show cause specifically provided that Lucero and Defendants could, but were not required to, attend the hearing. The hearing concerns Ewing's violation of the Court's civility requirements, as evidenced by documents he himself filed, and apparently false representations to the Court contained in those documents.

Ewing has said that the only question he wants to ask Wang is whether Lucero signed the declaration filed as ECF No. 44-2. (Docket no. 60, ¶ 6.) And Hummel, a state bar investigator, could have nothing useful to say at the hearing.

Furthermore, subpoenas on opposing counsel are proper only in very limited circumstances. Wang is currently Defendants' counsel, and Lucero at one time apparently was. The propriety of subpoenaing them is analyzed under a test set forth in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). *See Erhart v. Bofi Fed'l Bank*, 2017 WL 840648, at *3 (S.D. Cal., Mar. 2, 2017). Under *Shelton*,

the party seeking opposing counsel's testimony bears the burden of showing it should be required. 805 F.2d at 1327. Ewing's opposition does not attempt to satisfy this burden; rather, he focuses on what he perceives as improper service of the motion to quash, and makes additional accusations against Wang.

Ewing does not need any witnesses to explain why he filed the documents that he did, or why he made the representations that he did. Furthermore, Ewing's response (Docket no. 56) shows he does not contest making many of the remarks; his argument in large part appears to be that his doing so was proper and permissible. If Ewing could show that outside evidence were needed to explain any of this, the Court would consider his request, but he has not done so. The subpoenas purporting to command the appearance and testimony of Lucero, Wang, and Hummel at the order to show cause hearing on April 30, 2019 at 12:00 noon are **QUASHED**.

The motions for protective orders and to quash subpoenas (Docket nos. 59 and 61) are **GRANTED**. Ewing is **ORDERED** not to issue or serve any more subpoenas in this case, without leave of the Court. If he believes a subpoena is necessary, he must seek leave before obtaining or serving it.

This order is primarily intended to address the subpoenas and the order to show cause hearing before the undersigned District Judge. Magistrate Judge Berg may impose additional requirements or issue additional orders to address any abuses in the meet-and-confer process, or other matters committed to his responsibility.

**IT IS SO ORDERED**.

Dated: April 19, 2019

Hon. Larry Alan Burns
Chief United States District Judge