UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al.,<br><br>        Plaintiff,<br><br>v.<br><br>OASIS MEDIA, LLC, et al.,<br><br>        Defendants. | Case No.: 18cv1455-LAB (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE EX PARTE APPLICATION TO CONTINUE HEARING** |

Plaintiff's counsel has filed an *ex parte* motion (Docket no. 73) to continue the hearing on the Court's order to show cause (Docket no. 55), on calendar for Tuesday, April 30, 2019 at 12:00 noon.

The only reason the application gives for needing the continuance is that Plaintiff's counsel wants 45 days for Linda Lucero, Defendants' former counsel, to change her mind about testifying at the hearing. Lucero's testimony is not required at the hearing. Although she was permitted to file a response and appear at the hearing if she wished, she was not required to, and she has filed nothing. The Court has already quashed two subpoenas commanding her appearance at a deposition and at the hearing. The matters Plaintiff's counsel cites as reasons for Lucero to testify are unrelated to the issues the Court will address during the April 30 hearing. The Court is not inviting Plaintiffs to raise accusations against

1

Defendants' counsel or Lucero or anyone else, or to seek reconsideration of its earlier orders. Rather, the hearing will focus on Ewing's violation of civility requirements he was ordered to observe, on his contacting unrepresented parties,[1] and on his holding himself out as an attorney.[2] The hearing may also address the issue of sanctions against Collette Stark, who may either appear in person or rest on her briefing.

Plaintiff's counsel is directed to review the Court's order to show cause (Docket no. 55), the order quashing subpoenas (Docket no. 63), and the order of April 24. (Docket no. 71.) In that order, the Court explained the issues the hearing would focus on, and directed Plaintiff's counsel to prepare to address those specific issues. (*See* Docket no. 71 at 2:14–3:4.)

If Plaintiff's counsel needs more time to prepare for the hearing, he should immediately seek it by filing an *ex parte* motion explaining why he needs more time. The Court would likely grant such a request, although for a much briefer period than 45 days.

Any such motion must be filed as soon as possible; delay would create a risk that the motion cannot be ruled on in advance of the hearing. Unless and until a

---

[1] Ewing attempted to appeal both the Court's order forbidding him to contact represented parties, and the Court's order setting aside defaults. (*See* Appellant's Response to Order to Show Cause, filed March 19, 2009 in case 19-55245, *Ewing v. Canopy Energy California* (9th Cir., filed March 1, 2019).) But as noted in the Court's order of March 4 (Docket no. 51), these rulings are non-final and not appealable, and the Court retains jurisdiction over them. *See Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Furthermore, even assuming an interim order like this were appealable, appointment of counsel would likely have mooted the basis for his appeal. Plaintiff's counsel is directed to review the docket on appeal and, to the extent and in the manner required, notify the Ninth Circuit of this development.

[2] Ewing also attempted to raise this issue on appeal, but abandoned it by not addressing it in his response to the Ninth Circuit's order to show cause.

continuance is granted, both Ewing and his counsel remain obligated to attend the currently-scheduled hearing in person. Notice of any ruling will consist of the ruling being docketed electronically, although chambers staff may notify counsel telephonically in advance of such an order being docketed. Counsel or parties should <u>not</u> call chambers to inquire.

**IT IS SO ORDERED**.

Dated: April 26, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge