# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al., <br><br> Plaintiff, <br><br> v. <br><br> OASIS MEDIA, LLC, et al., <br><br> Defendant. | Case No.: 18cv1455-LAB (JLB) <br><br> **FINDINGS AND ADMONITION TO PLAINTIFF** |

After affording Plaintiffs Anton Ewing notice and an opportunity to be heard, the Court found that although he had been repeatedly ordered to obey Civil Local Rule 83.4 (concerning civility and professionalism), he repeatedly violated this rule. Ewing was discourteous and unprofessional when communicating with opposing parties and counsel; he disparaged their intelligence, ethics, and behavior; and he acted in a manner detrimental to the proper functioning of the judicial system.

Although Ewing has usually proceeded *pro se*, he is a frequent litigant, and represents to the Court that he has a J.D. from the University of Arizona College of Law. Despite his having legal training, the Court has repeatedly had to remind or order him to familiarize himself with various rules and to obey them. He is not in the same category as ordinary civil litigants whose unfamiliarity with applicable rules is more excusable. *See Doe v. City of Los Angeles*, 2013 WL 6019121, at

*15 (C.D. Cal., Nov. 13, 2013); *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317, 1323 (W.D. Wash., 2011). Although Civil Local Rule 83.4 refers to the duties of attorneys, Ewing must treat it as applicable to him. He is **ORDERED** to read and obey it. He is also **ORDERED** to read and obey Fed. R. Civ. P. 11.

Specifically, Ewing is **ORDERED** to be courteous and civil in all communications with opposing counsel, parties, and third parties and to refrain from disparaging their intelligence, ethics, or behavior. This includes making accusations for improper purposes (such as to harass, delay, or embarrass) or making any accusation without first confirming that it is accurate and supported by evidence. *See* Fed. R. Civ. P. 11(b)(1) and (3). In filings in this Court, he is **ORDERED** not to attach or quote from private correspondence or other private communications (including letters, emails, texts, or phone calls) between himself and other parties or counsel, except as specifically authorized under applicable rules or laws, or permitted by judicial officers of the Court. He is **ORDERED** to refrain from making misrepresentations to opposing counsel or parties.

Several documents Ewing provided to the Court showed that he misleadingly used the designation "JD" after his name, followed by a disclaimer mentioning privilege and confidentiality, and citing legal authority.[1] At the hearing, Ewing represented to the Court that he had stopped using this designation and would not resume doing so, and the Court takes him at his word. When communicating with counsel, parties, or third parties in connection with litigation, Ewing is **ORDERED**

---

[1] Ewing offered the explanation that this was appropriate for his work as a tax preparer. But the communications had nothing to do with tax preparation. In context, this was likely to mislead recipients, especially non-lawyers, into believing he was a lawyer. In one particularly egregious example, he did this when discussing settlement with a non-lawyer. He inaccurately said the case was over and had been resolved in his favor, apparently to convince his opponent to make a quick payment.

1 not use the designation "JD" after his name or otherwise suggest that he is an
2 attorney.
3    For a period of 36 months from the date this order is issued, Ewing must file
4 a copy of this order along with any new pro se pleading he files in this District.

**IT IS SO ORDERED**.

Dated: May 29, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge