UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, et al., <br><br> Plaintiff, <br><br> v. <br><br> OASIS MEDIA, LLC, et al., <br><br> Defendant. | Case No.: 18cv1455-LAB (JLB) <br><br> **ADMONITION TO PLAINTIFF COLLETTE STARK** |

The Court ordered Plaintiffs Anton Ewing and Collette Stark to show cause why they should not be sanctioned, and both filed responsive pleadings. The Court held a hearing, at which Ewing appeared, and the Court has admonished him. (*See* Docket no. 82.)

In her response, Stark said she has a law license, but is not a member of the California state bar. (Docket no. 57, ¶ 6.) She also says she is admitted as a member of the bar of a federally recognized tribe in California. (*Id.*, ¶ 4.) She also emphasizes her legal knowledge and experience. (*Id.*, ¶ 5.) She also says she does not need to rely on Ewing for legal advice (*id.*, ¶ 4), implying that she knows the applicable rules herself and believes she has complied with them. Having said these things, she disclaims any responsibility for anything Ewing did. Nevertheless,

she used her response to affirm several of the charges Ewing made against third parties and opposing counsel.

In particular, she makes accusations against in-house counsel Linda Lucero, who has never been counsel in this case. The only relationship Lucero had with the case was that Defendants, in support of their motion for relief from default, offered her affidavit that she had told Defendants she would file a response to the complaint for them, but failed to do so. The affidavit also provided explanatory details about the reason for this, but as far as relieving Defendants from default, those were extraneous.

In fact, the Court's ruling would have been the same without the affidavit, in view of the strong policy in favor of decisions on the merits rather than by default. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Plaintiffs' arguments that Defendants engaged in culpable conduct in connection with settlement discussions were thin at best.[1] Given that Defendants stood ready to defend, that the delay in responding was minimal, and that no motion for default judgment had been filed, setting aside the default would have been indicated regardless of what the affidavit said. *See O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (holding that district court "properly resolved all doubt in favor of setting aside the entry of default and deciding the case on its merits").

Both Ewing and Stark, however, focused on Lucero and what she said and did as a reason to deny relief from the Clerk's entry of default. After accusing her of unreliability, they in turn relied on her statements as a basis for accusing Defendants' counsel. There was no reason to do this.

---

[1] The admissibility of settlement communications was doubtful, *see* Fed. R. Evid. 408(a), and as explained in the Court's admonition to Ewing, the private communications should not have been filed. Moreover, Plaintiffs' interpretation of them as evidencing bad faith was questionable.

Stark's contention that she was not responsible for what Ewing said or did is only partly correct. She did not directly engage in the communications Ewing did, which led to the Court's admonition to him. But she did sign the opposition, which contained improper accusations and which referred to attached exhibits that should not have been filed. By signing the opposition, she was making the certifications set forth in Fed. R. Civ. P. 11(b).

The Court is satisfied that an admonition is sufficient. Stark should read the Court's admonition to Ewing. She is also directed to read and comply with Fed. R. Civ. P. 11.

With this order, the Court's order to show cause (Docket no. 55) is **DISCHARGED**. This order does not discharge Magistrate Judge Michael Berg's separate order to show cause. (Docket no. 81.)

**IT IS SO ORDERED**.

Dated: June 6, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge